UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

OTILIA RUEDA,

    Plaintiff,

v.

JORGE MANCERA,
and his wife
MARIANA HERRERA DE MANCERA

    Defendants,

_____/

## COMPLAINT

COMES NOW the Plaintiff OTILIA RUEDA, by and through the undersigned counsel, and hereby sues Defendants JORGE MANCERA and his wife MARIANA HERRERA DE MANCERA, and alleges:

1. This is an action to recover money damages for unpaid minimum wages under the laws of the United States. Jurisdiction is conferred on the Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. §201-219 (Section 216 (b) for jurisdictional placement).

2. Plaintiff OTILIA RUEDA is a resident of Dade County, Florida, within the Honorable Court's jurisdiction. Plaintiff is a covered employee for purposes of the Act.

3. Defendants JORGE MANCERA JORGE MANCERA and his wife MARIANA HERRERA DE MANCERA (hereinafter JORGE MANCERA and MARIANA HERRERA DE MANCERA, or Defendants) are Dade County residents who employed Plaintiff OTILIA

RUEDA. Defendants are the employers of Plaintiff within the meaning of FLSA 29 U.S.C. §203 (d).

## GENERAL ALLEGATIONS

4. Defendants JORGE MANCERA and his wife MARIANA HERRERA DE MANCERA employed Plaintiff OTILIA RUEDA as a domestic employee to work in their private residence located at 785 Crandon Blvd, Apt. 1205, Key Biscayne, FL 33149.

5. Plaintiff worked for Defendants from approximately November 20, 2021, to February 27, 2022, or 14 weeks.

6. At the time of Plaintiff's hiring, Defendants JORGE MANCERA and MARIANA HERRERA DE MANCERA entered into an employment agreement with Plaintiff. Defendants verbally explained to Plaintiff her working conditions, detailing her wages, working hours, and duties.

7. According to the terms of the agreement Plaintiff would be working for Defendants as a housekeeper Mondays. Wednesdays and Fridays from 8:30 AM to 4:30 PM, or 8 hours daily. Defendants would be paying Plaintiff at the rate of $15.00 an hour, or $120.00 daily, or $360.00 weekly, which compensated 24 working hours.

8. Defendants promised Plaintiff to pay her fairly for all her hours worked.

9. However, Plaintiff ended up working from 8:30 AM to 6:30 (10 hours daily), or 30 hours weekly.

10. Defendants compensated Plaintiff just for 24 hours, or $360.00 weekly

11. Defendants required Plaintiff to work 6 more hours every week without compensation.

12. Plaintiff worked many hours that were not properly compensated at any rate, not even the minimum wage rate, as established by the FLSA.

13. Defendants did not keep any time-keeping method to track Plaintiff's hours, but they were in complete control of Plaintiff's schedule and knew the number of hours that she was working.

14. Therefore, Defendants JORGE MANCERA and MARIANA HERRERA DE MANCERA willfully failed to pay Plaintiff minimum wages for the time and periods specified above, in violation of the Fair Labor Standards Act.

15. Plaintiff was paid in cash, and she was not provided with any record or paystub detailing her number of days and hours worked, wage rate, employment taxes deducted, etc.

16. Plaintiff complained a few times about missing payment for working hours. As a response, Defendants began to threaten Plaintiff with her immigration status and insinuated that Plaintiff stole some clothing in order to not pay her hours worked.

17. On or about Friday 27, 2022, Defendant MARIANA HERRERA DE MANCERA required Plaintiff to stay longer at work. Plaintiff informed Defendant that she could not stay working extra hours because Defendants refused to pay for all her hours worked.  Defendant MARIANA HERRERA DE MANCERA got very upset and fired Plaintiff immediately.

18. At the time of her termination Defendants refused to pay Plaintiff for her last 2 days of work.

19. Plaintiff OTILIA RUEDA seeks to recover any regular unpaid wages accumulated during her relevant time of employment, retaliatory damages, liquidated damages, as well as any other relief as applicable by law.

**COUNT I:**
**FEDERAL STATUTORY VIOLATIONS OF THE FLSA'S MINIMUM WAGE PROVISIONS, 29 U.S.C. §206**

20. Plaintiff re-adopts every factual allegation as stated in paragraphs 1-19 of this complaint set out in full herein.

21. Plaintiff OTILIA RUEDA brings this action to recover from the Employers JORGE MANCERA and MARIANA HERRERA DE MANCERA unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

22. At all times relevant to this action, Plaintiff OTILIA RUEDA was an employee of Defendants within the meaning of the FLSA 29 U.S.C. §203 (e).

23. At all times relevant to this action, Defendants were Plaintiff's Employers within the meaning of the FLSA 29 U.S.C. §203 (d).

24. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA 29 U.S.C. §203 (g).

25. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

26. Pursuant to 29 USC § 206, (f), 206 § (b), and 206 § (a)(1), the Employers/Defendants were subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

27. Specifically, Title 29 U.S.C. §206 (f) states:

**Employees in domestic service**
Any employee—
**(1)** who in any workweek is employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect under subsection (b) of this section unless such employee's compensation for such service would not because of section 209(a)(6) of the Social Security Act [U.S.C. 409(a)(6)] constitute wages for the purposes of title II of such Act [42 U.S.C. 401 et seq.], or
**(2)** who in any workweek—
**(A)** is employed in domestic service in one or more households, and
**(B)** is so employed for more than 8 hours in the aggregate,
shall be paid wages for such employment in such workweek at a rate not less than the wage rate in effect under subsection (b) of this section.

28. Defendants JORGE MANCERA and his wife MARIANA HERRERA DE MANCERA employed Plaintiff OTILIA RUEDA as a domestic employee to work in their private residence

29. Plaintiff worked for Defendants from approximately November 20, 2021, to February 27, 2022, or 14 weeks.

30. At the time of Plaintiff's hiring, Defendants JORGE MANCERA and MARIANA HERRERA DE MANCERA entered into an employment agreement with Plaintiff. Defendants verbally explained to Plaintiff her working conditions, detailing her wages, working hours, and duties.

31. According to the terms of the agreement Plaintiff would be working for Defendants as a housekeeper 3 days per week, 8 hours daily. Defendants would be paying Plaintiff at the rate of $15.00 an hour, or $360.00 weekly, which compensated 24 working hours.

32. Defendants promised Plaintiff to pay her fairly for all her hours worked.

33. Plaintiff ended up working from 8:30 AM to 6:30 (10 hours daily) or 30 hours weekly. However, Defendants compensated Plaintiff just for 24 hours, or $360.00 weekly

34. Defendants required Plaintiff to work 6 more hours every week without compensation.

35. Plaintiff worked many hours that were not properly compensated at any rate, not even the minimum wage rate, as established by the FLSA.

36. Defendants did not keep any time-keeping method to track Plaintiff's hours, but they were in complete control of Plaintiff's schedule and knew the number of hours that she was working.

37. Therefore, Defendants JORGE MANCERA and MARIANA HERRERA DE MANCERA willfully failed to pay Plaintiff minimum wages for the time and periods specified above, in violation of the Fair Labor Standards Act.

38. Plaintiff was paid in cash, and she was not provided with any record or paystub detailing her number of days and hours worked, wage rate, employment taxes deducted, etc.

39. The records, if any, concerning the number of hours worked by Plaintiff and the compensation paid to her should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

40. Defendants never posted any notice, as required by the Fair Labor Standards Act, to inform employees of their Federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

41. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid wages are as follows:

    *Please note that this amount is based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.
      *Florida minimum wage is higher than the federal minimum wage. As per FLSA Regulations the higher minimum wage applies.

   a. <u>Total amount of alleged unpaid wages:</u>

      One      Thousand      Forty      Dollars      and      00/100      ($1,040.00)

   b. <u>Calculation of such wages:</u>

      Total relevant weeks of employment:  14 weeks
      Total hours worked:  30 hours weekly
      Total number of unpaid hours: 6 hours weekly
      Regular rate:  $15.00 an hour
      Florida Minimum wage 2022: $10.00

      1.- Minimum wages 6 hours weekly x 14 weeks.
      FL Minimum wage $10.00 x 6 hours=$60.00 weekly x 14 weeks=$840.00

      2.-Last 2 days of work.
      FL Minimum wage $10.00 x 10 hours=$100.00 x 2 days=$200.00

      Total #1, and #2=$1,040.00

         <u>Nature of wages:</u>

         This amount represents unpaid Min. wages at the FL Min. wage rate

42. Plaintiff OTILIA RUEDA was not paid minimum wages for the hours and relevant periods specified above. Therefore, the Defendants unlawfully failed to pay minimum wages to Plaintiff.

43. Defendants JORGE MANCERA and MARIANA HERRERA DE MANCERA knew and showed reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act and remain owing Plaintiff OTILIA RUEDA these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

44. Defendants JORGE MANCERA and MARIANA HERRERA DE MANCERA willfully and intentionally refused to pay Plaintiff OTILIA RUEDA minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above.

45. Plaintiff seeks to recover for minimum wage violations accumulated within her relevant employment and/or from 3 (three) years from the date of the filing of this complaint.

46. Plaintiff OTILIA RUEDA has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff OTILIA RUEDA respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff OTILIA RUEDA and against the Defendants JORGE MANCERA and MARIANA HERRERA DE MANCERA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff OTILIA RUEDA actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages /liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff OTILIA RUEDA demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS

47. Plaintiff OTILIA RUEDA re-adopts each and every factual allegation as stated in paragraphs 1-19 of this complaint as if set out in full herein.

48. At all times relevant to this action, Plaintiff OTILIA RUEDA was an employee of Defendants within the meaning of the FLSA 29 U.S.C. §203 (e).

49. At all times relevant to this action, Defendants JORGE MANCERA and MARIANA HERRERA DE MANCERA were Plaintiff's Employers within the meaning of the FLSA 29 U.S.C. §203 (d).

50. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the FLSA 29 U.S.C. §203 (g).

51. At all times relevant to this action, Plaintiff was employed as a domestic employee within the meaning of the FLSA 29 U.S.C. §206 (f).

52. Pursuant to 29 USC § 206, (f), 206 § (b), and 206 § (a)(1), the Employers/Defendants were subjected to the provisions of the FLSA, and the Plaintiff was a covered employee for the purposes of the Act.

53. Specifically, Title 29 U.S.C. §206 (f) states:

**Employees in domestic service**
Any employee—
**(1)** who in any workweek is employed in domestic service in a household shall be paid wages at a rate not less than the wage rate in effect under subsection (b) of this section unless such employee's compensation for such service would not because of section 209(a)(6) of the Social Security Act [U.S.C. 409(a)(6)] constitute wages for the purposes of title II of such Act [42 U.S.C. 401 et seq.], or
**(2)** who in any workweek—
**(A)** is employed in domestic service in one or more households, and
**(B)** is so employed for more than 8 hours in the aggregate,
shall be paid wages for such employment in such workweek at a rate not less than the wage rate in effect under subsection (b) of this section.

54. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

55. Defendants JORGE MANCERA and his wife MARIANA HERRERA DE MANCERA employed Plaintiff OTILIA RUEDA as a domestic employee to work in their private residence

56. Plaintiff worked for Defendants from approximately November 20, 2021, to February 27, 2022, or 14 weeks.

57. At the time of Plaintiff's hiring, Defendants JORGE MANCERA and MARIANA HERRERA DE MANCERA entered into an employment agreement with Plaintiff. Defendants verbally explained to Plaintiff her working conditions, detailing her wages, working hours, and duties.

58. According to the terms of the agreement Plaintiff would be working for Defendants as a housekeeper 3 days per week, 8 hours daily, or 24 hours weekly. Defendants would be paying Plaintiff at the rate of $15.00 an hour, or $360.00 weekly, which compensated 24 working hours per week.

59. Defendants promised Plaintiff to pay her fairly for all her hours worked.

60. However, Plaintiff ended up working from 8:30 AM to 6:30 (10 hours daily) or 30 hours weekly and Defendants compensated Plaintiff just for 24 hours, or $360.00 weekly

61. Defendants required Plaintiff to work 6 more hours every week without compensation.

62. Plaintiff worked many hours that were not properly compensated at any rate, not even the minimum wage rate, as established by the FLSA.

63. Defendants did not keep any time-keeping method to track Plaintiff's hours, but they were in complete control of Plaintiff's schedule and knew the number of hours that she was working.

64. Therefore, Defendants JORGE MANCERA and MARIANA HERRERA DE MANCERA willfully failed to pay Plaintiff minimum wages for the time and periods specified above, in violation of the Fair Labor Standards Act.

65. Plaintiff was paid in cash, and she was not provided with any record or paystub detailing her number of days and hours worked, wage rate, employment taxes deducted, etc.

66. Plaintiff complained a few times about missing payment for working hours. As a response, Defendants began to threaten Plaintiff with her immigration status and insinuated that Plaintiff stole some clothing to avoid the payment of Plaintiff's working hours.

67. These complaints constituted protected activity under the FLSA.

68. On or about Friday 27, 2022, Defendant MARIANA HERRERA DE MANCERA required Plaintiff to stay longer at work. Plaintiff informed Defendant that she could not stay working extra hours because Defendants refused to pay for all her hours worked. Defendant MARIANA HERRERA DE MANCERA got very upset and fired Plaintiff immediately.

69. At the time of her termination Defendants refused to pay Plaintiff for her last 2 days of work.

70. At the time of her termination, Plaintiff performed and excelled at the essential functions of her position. There was no other reason than retaliation to fire her.

71. Furthermore, there is closed proximity between Plaintiff's protected activity and her termination.

72. Defendants willfully and maliciously retaliated against Plaintiff OTILIA RUEDA by firing her.

73. The motivating factor which caused Plaintiff OTILIA RUEDA to be fired as described above was her complaint seeking regular wages from the Defendants. In other words, Plaintiff would not have been fired but for her complaints about unpaid wages.

74. The Defendants' adverse action against Plaintiff OTILIA RUEDA was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, Plaintiff has been damaged.

75. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff OTILIA RUEDA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices and procedures complained of herein violated provisions of the Fair Labor Standards Act;

A. Enter judgment against Defendants JORGE MANCERA and MARIANA HERRERA DE MANCERA that Plaintiff OTILIA RUEDA recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

B. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

C. Order the Defendants JORGE MANCERA and MARIANA HERRERA DE MANCERA to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

D. Plaintiff OTILIA RUEDA further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff MARIA G. ORDONEZ, demands a trial by jury of all issues triable as of right by jury.

Dated: May 22, 2022

                                                Respectfully submitted,

                                                By: **/s/ Zandro E. Palma**
                                                ZANDRO E. PALMA, P.A.
                                                Florida Bar No.: 0024031
                                                9100 S. Dadeland Blvd.
                                                Suite 1500
                                                Miami, FL 33156
                                                Telephone: (305) 446-1500
                                                Facsimile: (305) 446-1502
                                                zep@thepalmalawgroup.com
                                                *Attorney for Plaintiff*